KLEINER, Appellant, vs. THE CITY OF MADISON, imp., Respondent.

*September 29 — October 20, 1899.*

*Municipal corporations: Defective sidewalk: Covering over cement walk.*

An apron or covering over a cement sidewalk, placed there in the winter time when the walk became slippery, was constructed of pine boards laid lengthwise of the walk and fastened to pine cleats laid crosswise, the entire thickness being less than two inches. There was no beveled plank leading from the cement to the top of the covering, but the ends of the boards were sawed off square and the cleat did not come out flush therewith. *Held,* that such covering did not constitute an actionable defect in the sidewalk.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

Kleiner vs. The City of Madison.

The facts are stated in the opinion.

For the appellant there was a brief by *Olin & Butler*, and oral argument by *H. L. Butler*. They contended, *inter alia*, that at a point where it would be least expected or anticipated a two-inch obstruction had been created, which the expenditure of a few cents in the placing of a beveled strip or other contrivance along the end of the walk would have avoided. It was error for the trial court to hold, as matter of law, that such obstruction did not constitute a defect. *Morrison v. Madison*, 96 Wis. 452; *George v. Haverhill*, 110 Mass. 506; *Marvin v. New Bedford*, 158 Mass. 464; *Holmes v. Drew*, 151 Mass. 578; *Baxter v. Cedar Rapids*, 103 Iowa, 599; *Pittenger v. Hamilton*, 85 Wis. 356; *Schroth v. Prescott*, 68 Wis. 678; *Koenig v. Arcadia*, 75 Wis. 62.

For the respondent there was a brief by *John A. Aylward*, city attorney, and *R. M. Bashford*, of counsel, and oral argument by *Mr. Aylward*.

CASSODAY, C. J. This action was commenced May 2, 1898, to recover damages sustained by the plaintiff February 17, 1898, at 7 p. m., by falling upon an alleged defective sidewalk in front of the defendants Kaiser's on Pinckney street in this city. Issue being joined and trial had, at the close of the testimony the court directed a verdict in favor of all the defendants, and from that part of the judgment entered thereon in favor of the city the plaintiff appeals.

It appears from the record and is undisputed, in effect, that the residence of the defendants Kaiser was on the westerly corner of Dayton and Pinckney streets; that a year or two prior to the accident the Kaisers had constructed a granolithic or cement sidewalk, six feet wide, by the side of their premises on Dayton street; that the same was nearly level; that they also constructed the same kind of a sidewalk, six feet wide, in front of their residence on Pinckney street, connecting regularly with the sidewalk on Day-

ton street, and that the same descended slightly toward the northwest, corresponding with the descent on Pinckney street; that some time prior to the accident, and when the weather was cold and the sidewalk had become slippery, the Kaisers had an apron laid upon the sidewalk on Pinckney street in front of their house, which had been constructed of pine boards about an inch in thickness laid lengthwise the sidewalk, and fastened to pine cleats which rested upon and lay crosswise the sidewalk; that the boards and cleats together were less than two inches in thickness; that there were three of these sections, with the ends fastened together by cleats; that the end toward Dayton street came to within two or three feet of the sidewalk on that street; that the plaintiff, who was fifty-four years of age, started, on the evening of the accident, to go from the Ogden corner to the house of a relative on that street; that in crossing Dayton street the walk was narrow by reason of the snow, and that she walked ahead, and the daughter who was with her walked behind; that there was no electric light at that corner, and it was quite dark; that it was not slippery enough to interfere with walking; that when she got to the upper end of the apron, near Dayton street cross walk, she struck her foot against or under the end of the projecting apron, and fell and injured herself badly.

The testimony is voluminous, but the essential facts are substantially as stated. There is no claim that the grano-lithic walk was defective in its construction, either in its slope, descent, or otherwise. It is said there was some ice and packed snow accumulated under the apron, elevating the same somewhat above the usual and proper level. Man-ifestly, the very object of putting down the apron was to save travelers from slipping upon ice liable to accumulate upon such cement walk. There appears to have been a thin scale of ice on the granolithic walk, outside of the apron, from one eighth to one fourth of an inch in thickness.

Kleiner vs. The City of Madison.

But the plaintiff did not slip on the walk, and hence the ice and snow in no way contributed to the injury, unless it was by slightly elevating the apron above the cement. There is evidence that one of the boards on the top was quite ragged and splintered,— a large piece splintered out of the center board; but, as that in no way contributed to the injury, it is eliminated from the controversy. The only defect, if any, in the apron which in any way contributed to the injury was that the ends of the boards at the upper end of the apron toward Dayton street were sawed off square, that the cleat did not come out flush with the ends of the boards, and that there was no beveled plank or piece leading from the cement walk up to the top of the apron. As indicated, the whole thickness of the apron, including the cleats and covering, did not exceed two inches. The trial court held, as a matter of law, that the apron was a proper covering of the cement sidewalk to protect pedestrians from the danger of the slippery condition of the walk, and that such apron did not constitute an actionable defect in the sidewalk. We all concur in that opinion. Neither the city nor lot owners are bound to keep sidewalks at all times in a condition of absolute safety, but only reasonably safe. In cold weather, sudden changes in the condition of sidewalks, in consequence of snow and ice thawing and freezing are liable to occur, and reasonable care is all that can be expected of the city or lot owners. We find no issue of fact which the court was required to submit to a jury. We have not searched for authorities. The facts are undisputed. The case is very simple. If there are any adjudications requiring such a case to be submitted to the jury, we decline to follow them.

*By the Court.*— The judgment of the circuit court is affirmed.