Kawiecka, 'Appellant, vs. City of Superior, Respondent.

*October 20—November 10, 1908.*

*Municipal corporations: Injury from defective sidewalk: Court and jury: Slight difference in level.*

1. Whether alleged defects constituted an insufficiency or want of repair in a highway within the meaning of sec. 1339, Stats. (1898), is generally a question for the jury under proper restrictions, but may be one for the court if the conditions and circumstances are so clear and convincing as to leave no room for reasonable controversy.

2. A city is not bound to keep its streets or sidewalks at all times in a condition of absolute safety, but only reasonably safe for travel.

3. The rebuilding of a portion of a sidewalk on a bridge by nailing planks to the upper side thereof, leaving the other portion unaltered, so that there was an abrupt change in level of two inches, is *held*, as matter of law, not to have created an insufficiency or want of repair in the walk such as would render the city liable to a person injured by tripping on the edge of the planking.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

This is. an appeal from a judgment entered in pursuance of an order sustaining a demurrer *ore tenus* to the complaint in an action brought against the city of *Superior* for damages for personal injury alleged to have been caused by a defective sidewalk on a bridge in that city. The complaint alleged, among other things, that during the month of July, 1905, the city rebuilt a portion of the sidewalk on said bridge by nailing planks two inches in thickness to the upper side of the walk as theretofore constructed, and permitting the other portion of the walk to remain unchanged until September 4, 1905, when the accident happened upon which suit was predicated. In consequence of such inaction on the part of the city there was an abrupt drop of two inches going in one direction, and an abrupt ascent of two inches going in the opposite direction. The accident occurred about 9 o'clock in the evening, and the plaintiff alleged that, in passing over the portion of the walk which was not rebuilt to that which had been, her foot came in contact with the edge of the two-inch plank nearest to the portion of the walk not rebuilt, and that in consequence she tripped and fell, sustaining injuries thereby. The complaint further alleges that the bridge in question was one-half mile in length, and that the sidewalk thereon was level from one end to the other as it existed before the partial repairs were made, and that it was one of the principal public highways in the city of *Superior*.

For the appellant there was a brief by *Grace & Hudnall,* and oral argument by *G. B. Hudnall.* They cited, among other cases, *Moriarty v. Lewiston,* 98 Me. 482, 16 Am. Neg. Rep. 73; *George v. Haverhill,* 110 Mass. 506; *Holmes v. Drew,* 151 Mass. 578, 25 N. E. 22; *Dowd v. Chicopee,* 116 Mass. 93; *Redford v. Woburn,* 176 Mass. 520, 57 N. E. 1008; *Lamb v. Worcester,* 177 Mass. 82, 9 Am. Neg. Rep. 53; *Wile v. Los Angeles I. & C. S. Co.* 2 Cal. App. 190, 19

Am. Neg. Rep. 85; *Baxter v. Cedar Rapids,* 103 Iowa, 599, 72 N. W. 790; *Marvin v. New Bedford,* 158 Mass. 464, 33 N. E. 605; *Bieber v. St. Paul,* 87 Minn. 35, 91 N. W. 20; *Schroth v. Prescott,* 63 Wis. 652; *S. C.* 68 Wis. 678; *Lyon v. Grand Rapids,* 121 Wis. 609; 15 Am. & Eng. Ency. of Law (2d ed.) 440; *Cook v. Milwaukee,* 27 Wis. 191; *Hill v. Fond du Lac,* 56 Wis. 242; *Whitney v. Milwaukee,* 57 Wis. 639; *McMaugh v. Milwaukee,* 32 Wis. 200; *Perkins v. Fond du Lac,* 34 Wis. 435; *Grossenbach v. Milwaukee,* 65 Wis. 31; *Morrison v. Madison,* 96 Wis. 452.

For the respondent there was a brief by *Thos. E. Lyons* and *T. L. McIntosh,* and oral argument by *Mr. McIntosh.*

BARNES, J.   Generally speaking, insufficiency or want of repair in a highway is a question of fact for the jury, under instruction from the court as to what is meant by these terms in the statute.   *Wheeler v. Westport,* 30 Wis. 392.   And the question is always one for a jury, unless conditions and circumstances are so clear and convincing as to leave no room for reasonable controversy.   When the conditions shown are such that different minds may draw different inferences and arrive at different conclusions, the jury, and not the court, must make the ultimate determination.   *Prahl v. Waupaca,* 109 Wis. 299, 85 N. W. 350.   Undoubtedly defects in a highway may be relied upon as a basis for recovery for injuries sustained, in reference to which it is the duty of the court to hold as a matter of law that such alleged defects do not constitute an insufficiency or want of repair within the meaning of the statute.   *Cook v. Milwaukee,* 24 Wis. 270; *S. C.* 27 Wis. 191; *Kleiner v. Madison,* 104 Wis. 339, 80 N. W. 453; *Burroughs v. Milwaukee,* 110 Wis. 478, 86 N. W. 159; *Dapper v. Milwaukee,* 107 Wis. 88, 82 N. W. 725; *Hyer v. Janesville,* 101 Wis. 371, 77 N. W. 729; *Koepke v. Milwaukee,* 112 Wis. 475, 88 N. W. 238; *De Pere v. Hibbard,* 104 Wis. 666, 80 N. W. 933; *Cooper v. Waterloo,* 98

Wis. 424, 74 N. W. 115. A city is not bound to keep its streets or sidewalks at all times in a condition of absolute safety, but only reasonably safe. *Kleiner v. Madison, supra; Wheeler v. Westport, supra; Morrison v. Eau Claire,* 115 Wis. 538, 92 N. W. 280; *Vass v. Waukesha,* 90 Wis. 337, 63 N. W. 280.

In view of the foregoing principles, which appear to be well established, it remains to be considered whether the case before us is one wherein the conclusion reached by a jury should determine the sufficiency or insufficiency of the sidewalk in question, or one wherein the court should hold as a matter of law that there is no room for controversy upon the subject. It is not always easy to determine just where the province of the court in passing upon such a question ends and that of the jury begins. For many reasons that might be enumerated, it is well nigh impossible for municipalities to keep streets and sidewalks in perfect condition at all times. Slight inequalities will almost unavoidably be found in sidewalks in our cities over which there is a large volume of travel. Because of the serious problem that confronts municipalities in reference to keeping their highways in an efficient state of repair, the court in construing sec. 1339, Stats. (1898), has not required them to keep such highways in perfect condition, but only reasonably safe for travel. Under the decisions cited the trial court was right in holding that the sidewalk in question was reasonably safe for travel, and that the defect complained of was too trifling and inconsequential to create a basis for a right of action under said sec. 1339.

*By the Court.*—Judgment affirmed.