SNYDER, Administrator, Appellant, vs. CITY OF SUPERIOR, Respondent.

*September 12—October 3, 1911.*

*Municipal corporations: Sidewalks: Crossings: Reasonable safety.*

A plank sidewalk four feet wide was joined at an alley by a crosswalk consisting of three planks, aggregating thirty inches in width, laid lengthwise at the same level across the alley, and on each side of them a similar plank so inclined, to facilitate the passage of vehicles over the crossing, that at the outer edge of the sidewalk there was a drop of about four inches to the crosswalk; but the drop did not exceed two inches at any place where a pedestrian would naturally be expected to walk. In an action for death of a person who, it was alleged, while walking on the outer edge of the sidewalk in the evening stepped onto the inclined plank and was thrown to the ground, it is *held*, as matter of law, that the walk was reasonably safe for travel.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

W. P. *Crawford,* for the appellant.

For the respondent there was a brief by R. I. *Tipton,* city attorney, and T. L. *McIntosh,* assistant city attorney, and oral argument by *Mr. Tipton.* They cited, among other cases,

*Kleiner v. Madison,* 104 Wis. 339; *Kawiecka v. Superior,* 136 Wis. 613; *Yotter v. Detroit,* 107 Mich. 4; *La Fave v. Superior,* 104 Wis. 454; *Conlon v. St. Paul,* 70 Minn. 216.

WINSLOW, C. J. This is an action to recover damages for the death of one Mary Snyder, which death is claimed to have resulted from a fall upon a defective crosswalk in the city of *Superior.* No detailed statement of the facts is necessary. A verdict for the plaintiff was rendered by the jury, but the court granted judgment for the defendant notwithstanding the verdict on the ground that no defect was shown, as matter of law. In this conclusion we agree with the trial court. The supposed defect was in a wooden crossing over an alley. A wooden sidewalk, four feet wide, ran up to the alley and was there joined by a crosswalk, composed of three sixteen-foot three-inch planks running lengthwise across the alley. These planks, aggregating thirty inches in width, joined the four-foot sidewalk in the center, leaving about nine inches on each side, in which space was set another ten-inch plank inclined at an angle of about thirty-three and one-third degrees, making it easier for teams and wagons to go over the crossing, and leaving a drop of about four inches at the extreme outer edge of the four-foot sidewalk. It is claimed that the plaintiff's intestate was walking on the outer edge of the sidewalk in the evening, and stepped onto this inclined plank and was thrown to the ground.

The construction of the crosswalk is a very usual one in cities where wooden plank is used for such purposes. It is impossible for a city to make its walks and crossings absolutely safe. The streets must be used by vehicles as well as foot passengers, and they must be properly arranged to meet all lawful uses as far as possible. Foot passengers do not usually walk on the extreme outer edge of a sidewalk. The drop in the walk in question evidently does not exceed two

inches at any place where a foot passenger would naturally be expected to walk. We think the court was right in holding as matter of law that the walk was reasonably safe for travel, and that the defect complained of was too "trifling and inconsequential" to. create a basis for a cause of action. *Kawiecka v. Superior,* 136 Wis. 613, 118 N. W. 192.

*By the Court.*—Judgment affirmed.