VAN DER BLOMEN, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*October 3—October 23, 1917.*

*Municipal corporations: Defective sidewalk: Question for jury.*

A slight depression in one block and an elevation in the adjoining block of a cement sidewalk, the difference in level being about one and one-quarter inches, was, as a matter of law, not an actionable defect. *Kleiner v. Madison,* 104 Wis. 339, followed.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Reversed.*

Personal injury. Fall on sidewalk.

On October 6, 1915, the plaintiff, while walking northwesterly on the easterly side of West Water street in the city of *Milwaukee,* fell and was injured. She alleges that her fall was caused by a depression in the cement sidewalk, which, according to undisputed evidence, was not to exceed one and one-quarter inches deep. Judgment was rendered in favor of the plaintiff upon a special verdict, and from that judgment defendant appeals. Other facts are stated in the opinion.

For the appellant there was a brief by *Clifton Williams,* city attorney, and *E. L. McIntyre,* first assistant city attorney, and oral argument by *Mr. McIntyre.*

For the respondent there was a brief by *Lehr & Kiefer,*

attorneys, and *Julius E. Kiefer* and *Horace B. Walmsley,* of counsel, all of Milwaukee, and oral argument by *Mr. Walmsley.*

ROSENBERRY, J. Defendant claims that the judgment should be reversed for two reasons: (1) that the defect which existed in the sidewalk was not actionable, and (2) that the plaintiff was guilty of contributory negligence.

The sidewalk in question was built of concrete and was constructed in the ordinary way in squares. At the point where the corners of four blocks came together there was an inequality in the sidewalk, caused, as appears from the cast offered and received in evidence, by a slight depression in one block and an elevation in the adjacent block immediately to the north of it. From the bottom of the depression to the top of the elevation was about one and one-quarter inches. The elevation was from three quarters of an inch to an inch above the general level of the sidewalk. Did the court err in permitting the jury to say whether or not the walk was defective?

This case is clearly ruled in favor of the appellant by *Kleiner v. Madison,* 104 Wis. 339, 80 N. W. 453. The decision in *Kleiner v. Madison* is not modified or overruled by *Johnson v. Eau Claire,* 149 Wis. 194, 135 N. W. 481. It is not necessary to repeat here what was said in *Kleiner v. Madison.* The doctrine announced in that case finds support in a large number of cases from other jurisdictions, cited in 20 L. R. A. N. s. 640, and 43 L. R. A. N. s. 1158.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss plaintiff's complaint upon the merits.