PADDEN, Appellant, vs. CITY OF MILWAUKEE, Respondent.

*January 11—February 8, 1921.*

*Municipal corporations: Highways: Insufficiency: Test of liability:*
*Slight obstruction in sidewalk.*

1. The projection of a pipe one and five-eighths inches high and two and three-quarters inches wide near the edge of a sidewalk in a city highway and out of the main line of travel is not an actionable defect under sec. 1339, Stats., making the city liable to one injured by reason of the insufficiency or want of repair of the highway.

2. In ascertaining whether a city is liable under said sec. 1339 for injuries caused by the defect complained of, the test is not the negligence of the city, but whether the highway is insufficient within the meaning of the statute.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Action for personal injuries. A demurrer to the complaint was sustained by the trial court. From the order so doing plaintiff appeals.

For the appellant there was a brief by *Cannon, Waldron & Nebel,* attorneys, and *A. W. Richter,* of counsel, all of Milwaukee; and the cause was argued orally by *Mr. Richter.*

For the respondent there was a brief by *Clifton Williams,* city attorney, and *John M. Niven,* first assistant city attorney, and oral argument by *Mr. Niven.*

JONES, J. The portion of the complaint which alleges the insufficiency of the walk in question is as follows:

"Said plaintiff further shows to the court, upon information and belief, that for some time prior to said 25th day of November, A. D. 1917, said defendant city had maintained what was commonly known as and called a water bubbler, at a point twelve (12) feet three and one-half (3½) inches west of the lot line of Eleventh avenue and north of said curb line on National avenue, one (1) foot four (4) inches. That some time prior to said 25th day of November, A. D. 1917, said bubbler had been removed and that the pipe to

which said bubbler had been connected at said point, twelve (12) feet three and one-half (3½) inches west of said lot line and one (1) foot four (4) inches north of said curb line on National avenue, had negligently been permitted by said defendant city to extend and project above said cement sidewalk one and five-eighths (1⅝) inches. That the cap, or covering, of said pipe was two and three-fourths (2¾) inches. That otherwise said cement walk was smooth and unobstructed. That said projection of one and five-eighths (1⅝) inches was in nowise protected and constituted a dangerous defect in said cement walk, all of which was well known to the officers and agents of said defendant city."

There is also this allegation:

"That located upon the curb of the south line of said cement walk on said National avenue, in a direct north-and-south line with the westerly lot line of said Eleventh avenue, was a United States mail box."

The complaint was so framed as to present the question of liability as a matter of law, and by stipulation it was agreed that two photographs of the premises might be used as though made a part of the complaint. These photographs show that the projection complained of is near the outer edge of the walk, in line with the mail box mentioned in the complaint and outside the most traveled part of the walk.

The question here presented is whether a projection one and five-eighths inches high and two and three-fourths inches wide near the edge of a walk in a city street, and out of the main line of travel, is such a defect as to be actionable under sec. 1339, Stats. Counsel for the appellant recognize the full force of the decisions of this court in cases where projections a little higher than the one in question have been held not to constitute defects, but seek to distinguish these cases by urging in the first place that in this case the projection is so small in area as not to be easily visible, and therefore is more dangerous. We do not find that the decisions have recognized any such distinction, and we are not inclined to rule that a projection in a walk two and

three-fourths inches in width is a defect while a similar one considerably wider is not. Actions where persons are injured by striking some slight obstruction in a walk generally arise from accidents occurring in the nighttime and when the traveler has not observed the alleged defect.

In the leading case on the subject in this state, *Kleiner v. Madison,* 104 Wis. 339, 80 N. W. 453, the accident was caused by tripping in the night on an apron made of planks and cleats extending across the walk and not exceeding two inches in height. In the case of *Kawiecka v. Superior,* 136 Wis. 613, 118 N. W. 192, the obstruction was planks extending across the walk and two inches high. According to our view, the chances of accident under such conditions are greater than in the situation presented in this case.

Counsel for appellant also attempt to distinguish this case from others by the claim that the obstruction was no part of the sidewalk, that it was not a repair, and was entirely useless. It is true that in the cases cited above the alleged defects were placed across the walk purposely to make the walks more safe for travel. Nevertheless, if in the judgment of the court it had been a jury question whether the walks were actually unsafe for travel within the meaning of the statute, it would not have been deemed a defense that the alleged defects were intended as repairs or placed there for some laudable purpose.

In this class of cases it is to be borne in mind that the test of liability is not the negligence of the municipality, but whether the highway is *insufficient* within the meaning of the statute. *Maxwell v. Wellington,* 138 Wis. 607, 120 N. W. 505. A rule that the negligence of officials should be the test would probably be quite as unfavorable to the traveler as to the municipality.

It follows that the fact that the projection was no necessary part of the walk or may have been improperly left there does not distinguish the cases cited in this opinion. In several comparatively recent cases the alleged defects were

more serious than in the present case. In the *Kawiecka Case* there was an abrupt drop of two inches going in one direction and an abrupt ascent of two inches going in the opposite direction, and the condition had existed from July to September, when the accident happened. In sustaining the demurrer Mr. Justice BARNES said:

"For many reasons that might be enumerated, it is well nigh impossible for municipalities to keep streets and sidewalks in perfect condition at all times. Slight inequalities will almost unavoidably be found in sidewalks in our cities over which there is a large volume of travel. Because of the serious problem that confronts municipalities in reference to keeping their highways in an efficient state of repair, the court in construing sec. 1339, Stats. 1898, has not required them to keep such highways in perfect condition, but only reasonably safe for travel. Under the decisions cited the trial court was right in holding that the sidewalk in question was reasonably safe for travel, and that the defect complained of was too trifling and inconsequential to create a basis for a right of action under said sec. 1339." 136 Wis. 613, 616, 118 N. W. 192.

In *Snyder v. Superior,* 146 Wis. 671, 132 N. W. 541, a plank sidewalk was joined at an alley by a crosswalk. At the outer edge of the sidewalk there was a drop of about four inches to the crosswalk, but the drop did not exceed two inches at any place in the main line of travel. It was claimed that the traveler was walking on the outer edge of the walk in the evening and was thrown to the ground. The trial judge set aside a verdict for the plaintiff. In affirming the judgment Mr. Chief Justice WINSLOW said:

"Foot passengers do not usually walk on the extreme outer edge of a sidewalk. The drop in the walk in question evidently does not exceed two inches at any place where a foot passenger would naturally be expected to walk. We think the court was right in holding as a matter of law that the walk was reasonably safe for travel, and that the defect complained of was too 'trifling and inconsequential' to create a basis for a cause of action." Page 672, citing the *Kawiecka Case.*

A still more recent case following the general line of decisions is *Van der Blomen v. Milwaukee,* 166 Wis. 168, 164 N. W. 844.

We hold that the trial judge did not err in sustaining the demurrer.

*By the Court.*—Order affirmed.