HOLLAN, Appellant, vs. CITY OF MILWAUKEE, Respondent.

*May 4—May 31, 1921.*

*Municipal corporations: Defective sidewalks: Test: Slope of walk to crossing: Slight imperfections.*

1. The rule that the topography of the locality, development of the community, standard of road construction, amount and character of traffic, etc., are to be considered in determining whether a given condition renders a highway defective, applies to sidewalks in cities as well as to country highways.
2. A slope of seven inches in a cement sidewalk approaching the flagstone portion of the walk at a crossing where plaintiff slipped and was injured did not constitute a defect rendering a city liable for plaintiff's injuries.
3. Sidewalks and crosswalks maintained by a city are not required to be perfect, it being sufficient that they are reasonably safe. There may be inequalities, projections, and depressions so slight that city authorities may assume they will not cause injury to persons using ordinary care; and it is *held* in this case that a projection of one cobblestone one and one-eighth to two inches over the others in a walk across an alley belonged to that class.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Action for damages for personal injuries. Trial before a jury in the civil court of Milwaukee county resulted in judgment for plaintiff upon a special verdict. On appeal

to the circuit court judgment was reversed, and judgment entered dismissing the complaint, upon the ground that defendant's motion for a directed verdict should have been granted. Plaintiff appeals.

*W. C. Seefeld* of Milwaukee, for the appellant.

For the respondent there was a brief by *Clifton Williams,* city attorney, and *John M. Niven,* first assistant city attorney, and oral argument by *Mr. Niven.*

JONES, J. Appellant was walking along a six-foot-wide cement sidewalk on Sixteenth street in the city of *Milwaukee* on a winter evening. It was "not light." She had seldom used this street and consequently was not well acquainted with the condition of the walk. She came to an alley crossing of which she knew. The alley was paved with cobblestones. The crosswalk was constructed as follows: There were two rows of level flagstones stretching across the alley connecting the ends of the sidewalk on either side. Each row was slightly over a foot wide, and there was a space of a little over a foot in width between them paved with cobblestones. Outside of the flagstones on either side was the cobblestone pavement sloping away from the flagstones so as to facilitate the passage of vehicles. The ends of the cement walk were sloped down to the level of the crossing, the flagstones being four inches below the level of the walk, the slope of the walk to the flagstones being four inches in fourteen and one-half inches.

According to appellant's testimony she stepped from the regular level of the cement walk at the point where the downward slope commenced about twenty-five inches, and stepped, as she later found, upon a cobblestone outside the area of the flagstones. The region of this cobblestone is seven inches below the level of the cement walk at the point from which she stepped; and this particular stone is eight by seven inches, projects two inches at its highest point above

the level of the adjacent ground, has a sloping surface, and lies between the flagstones and the inner edge of the cement walk as extended across the alley, being twelve inches from the latter line. The alley was icy, and she slipped upon the stone and fell, receiving injuries to her arm.

The jury by its special verdict found that appellant did not fall by reason of the slippery condition of the walk, but that the walk was in an insufficient condition and not reasonably safe for pedestrians, and that this was the proximate cause of the injury. The trial judge believed that a jury question was presented and gave judgment for appellant, but the circuit court, on appeal, held that the testimony did not show an actionable structural defect in the alley crossing.

Although the complaint claimed as part of the insufficiency of the walk that it was icy, the plaintiff's attorney expressly waived at the trial any claim on this ground and based the cause of action on the faulty construction of the walk. In a recent case Mr. Justice OWEN said:

"As was pointed out in *Wheeler v. Westport,* 30 Wis. 392, almost innumerable circumstances, such as the topography of the locality, the development of the community, the standard of road construction attained therein, the amount and character of traffic, etc., are to be taken into consideration in determining whether a given condition renders a highway defective. Such is still the law. That which will render one highway defective will not condemn another." *Branegan v. Verona,* 170 Wis. 137, 140, 174 N. W. 468.

This rule applies to sidewalks in cities as well as to country highways. In the present case the walk was in a residential district remote from the most traveled streets in the business center. The portion of the walk across the alley intended for the main line of travel consisted of two rows of flagstones and the cobblestones between, all practically level. It is not claimed that there was any defect arising from the fact that there was a slope of four inches

in a distance of fourteen and one-half inches on the cement walk approaching the flagstone portion of the walk. But it is claimed that a slope of seven inches to the point where the accident occurred is a defect. The testimony and photograph in evidence show that if the alley crossing had been made level with the street it would have necessitated an abrupt and a considerable drop from the cement walk to the crossing. Owing to differences of grades, necessity for providing for drainage, and other conditions, such construction is common and necessary in most cities and one from which accidents occasionally happen to those who do not "watch the step." It has been frequently held that when such steps from the walk to the crossing are properly constructed they do not make the highway defective, and that pedestrians should be on the lookout when they reach a street crossing. *Miller v. St. Paul,* 38 Minn. 134, 36 N. W. 271; *Morgan v. Lewiston,* 91 Me. 566, 4 Atl. 545; *Shippy v. Au Sable,* 65 Mich. 494, 32 N. W. 741; *Bigelow v. Kalamazoo,* 97 Mich. 121, 56 N. W. 339; *Chicago v. Bixby,* 84 Ill. 82; *Hoyt v. Danbury,* 69 Conn. 341, 37 Atl. 1051.

In establishing the grades in this instance the city authorities evidently deemed it best, instead of adopting such a mode of construction, to have a gradual slope in the cement walk, and also a slope in the alley approaching the crosswalk on either side to facilitate the passage of teams and vehicles. In planning crosswalks over alleys and courts the convenience and rights of all classes of travelers are to be considered, but absolute safety can be guaranteed to none.

In the instant case the plaintiff claims that she slipped on the projecting cobblestone. This was about three inches lower than the edge of the cement portion of the walk. The accident would have been quite as likely to happen if there had been a perpendicular drop in the walk over which plaintiff had stepped. It would seem to follow that the slope in the walk had little or no connection with the

accident.   In fact, the claim as to the defect seems to be based·
chiefly on the fact that one of the cobblestones projected
above the others from one and one-eighth to two inches.
There was evidence that the use of this material is common
in *Milwaukee* in paving alleys and that the alley in question ·
was the regular cobblestone construction.   No claim is
made to the contrary or that improper material was used.
When cobblestones are used in the construction of alleys
or portions of walks there will necessarily be more variation
from a level surface than when brick or cement is used.   In
planning for the construction of walks over alleys and
streets where there are inequalities in the surface, municipal
officers may assume that pedestrians will use some care and
will seek to avoid dangers which are obvious.   In this case,
although it was not light, the plaintiff knew that she had
approached an alley crossing and that it was icy.   ·

As already indicated, walks and crosswalks are not re-
quired to be perfect.   It suffices if they are reasonably
safe.   There may be inequalities, projections, and depres-
sions so slight that municipal authorities may assume that
they will not cause injury to persons using ordinary care.
*Kleiner v. Madison,* 104 Wis. 339, 80 N. W. 453; *Snyder
v. Superior,* 146 Wis. 671, 132 N. W. 541; *Kawiecka v.
Superior,* 136 Wis. 613, 118 N. W. 192; *Padden v. Mil-
waukee,* 173 Wis. 284, 181 N. W. 209; *Cook v. Milwaukee,*
27 Wis. 191; *Burroughs v. Milwaukee,* 110 Wis. 478, 86
N. W. 159; *Hamilton v. Buffalo,* 173 N. Y. 72, 65 N. E.
944; *Butler v. Oxford,* 186 N. Y. 444, 79 N. E. 712; *Bigelow
v. Kalamazoo,* 97 Mich. 121, 56 N. W. 339; *Newton v.
Worcester,* 174 Mass. 181, 54 N. E. 521.   We consider
that the circuit judge was right in assuming that the pro-
jection in question belonged to that class.

*By the Court.*—Judgment affirmed.