HANSEN, Appellant, vs. CITY OF GREEN BAY, Respondent.

*June 4—June 24, 1935.*

For the appellant there was a brief by *Clifford & Dilweg* of Green Bay, and oral argument by *G. F. Clifford*.

*Thos. C. Dwyer* of Green Bay, for the respondent.

WICKHEM, J.   The defect complained of consisted of a long, jagged hole at the juncture of two blocks of cement. This hole had its widest part on the street side of the side-

walk, and varied in width from seven inches at the outside of the walk, to one inch near the center of the walk. The depth of the hole was from one to three and one-half inches. The evidence sustains the conclusion that the portion of the hole nearest the outside edge of the sidewalk was so undermined as to permit the foot of a traveler walking west to be caught and lodged under the upper block of cement.

On April 3, 1932, about 8:30 p. m., while plaintiff was walking westerly along the sidewalk in question, she stepped to the outside of the walk to avoid some children who were romping in her vicinity. Her foot was caught and became tightly wedged in the hole, and she was thrown to the ground, injuring both knees. While a great many conflicting contentions are made with respect to the size, extent, and character of this defect, we think, without entering into an extensive analysis, that the evidence discloses a jury question as to the existence of an actionable defect. The jury were entitled to believe that at the outer edge of the sidewalk there was a hole wide enough and deep enough to permit the foot of a person walking west to enter and to become jammed in the space beneath the cement block. Such a condition is not comparable to mere irregularities, or slight slopes, declines, or projections, and the following cases dealing with these situations and holding as a matter of law that no actionable defect existed, are not in point: *Hollan v. Milwaukee,* 174 Wis. 392, 182 N. W. 978; *Padden v. Milwaukee,* 173 Wis. 284, 181 N. W. 209; *Kleiner v. Madison,* 104 Wis. 339, 80 N. W. 453; *Kawiecka v. Superior,* 136 Wis. 613, 118 N. W. 192. This results in the conclusion that the jury's verdict is sustained in so far as it finds the existence of the defect. It is not contended that plaintiff was contributorily negligent as a matter of law.

The only difficulty in the case arises from the fact that the jury did not have submitted to them any question relat-

ing to the duration of the defect.  It is contended by the city that while there was testimony that the defect had existed in some form for six or seven years, there is no evidence as to how long the sidewalk was in such a condition that the foot of a pedestrian could be caught underneath the cement block.  It is claimed by the city that the block under which plaintiff's foot was jammed would be affected as to its height by frost, and that the hole constituted an actionable defect only when the block had been raised by this process.  It is contended that this would be a temporary condition and that the evidence does not show how long it existed.  One Brusaw, who took care of the sidewalk every day, and who examined the crack as shown by plaintiff's photographs, testified that the sidewalk had had the crack *in that condition* for six or seven years at least.  One Deuster testified that it was substantially *in that condition,* referring to the condition disclosed by the photographs, for a period of two years. Concededly, the sidewalk was in a highly traveled residential section, and, as we view the record, there was no dispute that the hole had constituted an actionable defect for a sufficient period to establish the negligence of the city as a matter of law.

It follows that plaintiff was entitled to judgment on the verdict.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for plaintiff upon the verdict.