McCORMICK, Respondent, vs. CITY OF RACINE, Appellant.

*January 11—February 15, 1938.*

The cause was submitted for the appellant on the brief of *Cornelius M. Colbert* of Racine, and for the respondent on that of *Wilbershide & Baumblatt* of Racine.

FRITZ, J. The only question on this appeal is whether sufficient facts are alleged in the complaint to constitute a defect in a sidewalk, which caused plaintiff to stumble, such an insufficiency or want of repair within the meaning of sec. 81.15, Stats., as to render the city liable for plaintiff's injury. The allegations as to the defect are that just to the north of a driveway at 1509 Grand avenue, a city street much traveled by the public, one of the cement squares of the sidewalk was raised above the square immediately adjacent thereto so as to constitute an obstruction, whereby the surface of the walk was abruptly raised two and three-eighths inches at that point. In relation to claims under sec. 81.15, Stats., this court has held that,—

"A city is not bound to keep its streets or sidewalks at all times in a condition of absolute safety, but only reasonably safe;"

that,—

"walks and crosswalks are not required to be perfect. It suffices if they are reasonably safe. There may be inequalities, projections, and depressions so slight that municipal authorities may assume that they will not cause injury to persons using ordinary care;"

that,—

"Generally speaking, insufficiency or want of repair in a highway is a question of fact for the jury, under instruction from the court as to what is meant by these terms in the statute. . . . And the question is always one for a jury, unless conditions and circumstances are so clear and convincing as to leave no room for reasonable controversy;"

that,—

"defects in a highway may be relied upon as a basis for recovery for injuries sustained, in reference to which it is the duty of the court to hold as a matter of law that such alleged defects do not constitute an insufficiency or want of repair within the meaning of the statute;"

*Kawiecka v. Superior,* 136 Wis. 613, 615, 616, 118 N. W. 192; *Hollan v. Milwaukee,* 174 Wis. 392, 396, 182 N. W. 978; *Kleiner v. Madison,* 104 Wis. 339, 80 N. W. 453; *Snyder v. Superior,* 146 Wis. 671, 132 N. W. 541; *Padden v. Milwaukee,* 173 Wis. 284, 181 N. W. 209; *Burroughs v. Milwaukee,* 110 Wis. 478, 86 N. W. 159;—
but that,—

"It will not do to rest the rule upon inches only. That is a factor in arriving at the result, but the other conditions and surrounding circumstances must also be considered." *Johnson v. Eau Claire,* 149 Wis. 194, 198, 135 N. W. 481.

In applying those rules, in the case last cited, the fact that a three-inch-thick plank nailed on the floor of a bridge was laid diagonally across the driveway for the wagons, so that the front wheels thereof did not strike the plank at the same time, was held to constitute such "other conditions and surrounding circumstances" that had to be taken into consideration, that there was an issue for the jury as to whether there was an actionable "insufficiency or want of repair." On the other hand, the following defects were held not actionable as a matter of law. An apron of planks and cleats not exceeding two inches in height extending across a sidewalk, *Kleiner v. Madison, supra;* two-inch planks nailed on an old walk, leaving an abrupt difference of two inches between the old and new planks, *Kawiecka v. Superior, supra;* a cobblestone rising two inches above the adjacent stones in an alley crosswalk, *Hollan v. Milwaukee, supra;* a two-inch drop from a sidewalk to a thirty-inch-wide planked alley crosswalk in the main line of the foot travel, and a four-inch drop at the outer edge of an additional plank laid at each edge of the crosswalk on a slope, which increased the drop from the two inches to four inches below the sidewalk, *Snyder v. Superior, supra;* and a two and one-fourth-inch abrupt difference between adjoining cement

slabs in a sidewalk, *Ross v. Shawano,* 179 Wis. 595, 191 N. W. 970.

In view of those precedents, the two and three-eighths-inch difference between the adjacent cement squares of the sidewalk in question did not constitute an actionable insufficiency or want of repair within the meaning of sec. 81.15, Stats., as a matter of law, in the absence of other conditions or surrounding circumstances that would warrant finding that there was such an insufficiency or want of repair; and the mere fact that Grand avenue was "much traveled by the public" does not render that two and three-eighths-inch difference actionable in the absence of an allegation of some other condition or surrounding circumstance of more material or effective bearing upon that issue.

*By the Court.*—Order reversed, with directions to enter an order sustaining the demurrer to the complaint.