Reynolds, Appellant, vs. City of Ashland and another, Respondents.

*February 3—March 11, 1941.*

The cause was submitted for the appellant·on the brief of ·O'Melia & Kaye of Rhinelander, and for the respondents on that of W. H. Cate, city attorney, and Warren B. Foster of Ashland, attorney for Walter Nyhus, administrator of the estate of· M. S. Hosmer.

FAIRCHILD, J.   Appellant assigns as error the granting of defendant's motion for a nonsuit and urges that there was an actionable insufficiency and want of repair in the sidewalk where she fell and that this caused her fall.   Concerning the alleged defect it appears that the walk was concrete and some fourteen feet wide; that in the center of the sidewalk there was set an iron frame to which doors were attached with two hinges.   The hinges were about three fourths of an inch high.   About twenty inches west of the west hinge there was a break in the surface of the walk.   A long crack led into the center expansion joint of the sidewalk, and at the junction a part of the north slab had broken away forming an irregular hole, triangular in shape.   It was about eleven inches long, three inches wide at the west end, and tapered to a blunt point at the east end.   Its depth was about one inch at the west or wide end and less at the east end.

Because of the necessity of using sidewalks as a means of access to basements, custom has recognized the practice of installing trap doors in such walks.   There has arisen the doctrine followed in McCormick v. Racine, 227 Wis. 33, 277 N. W. 646, and cases therein cited, to the effect that

those responsible for maintaining walks can be required to keep them only reasonably safe, and that does not mean sidewalks shall be kept at all times in a condition of absolute safety. Trap doors are permitted when constructed and placed so as to match up to acceptable standards. When so constructed they cannot be held to constitute an actionable defect. This fact is not changed when one in wet weather chances to slip and fall because of the presence of such doors. There is no showing that the doors in this walk were unusual or insufficient or in a state of negligent disrepair.

The question of the propriety of granting the nonsuit depends on whether the hole and the hinge were located so close together as to combine in causing an actionable defect. Testimony shows that the hole was entirely in the north slab of concrete having as one edge the side of the slab to the south. The other side was irregular. The formation was triangular with the apex somewhat blunt, with a length of eleven inches and with a depth of about one inch, although more shallow near the apex.

While insufficiency or want of repair in a sidewalk is generally a question of fact, there are defects which are clearly nonactionable. In such cases it is the duty of the court to hold as a matter of law that such imperfections do not constitute an insufficiency or want of repair within the meaning of the statutes. (Sec. 81.15.) Although the hinge by itself does not constitute an actionable defect, and the hole by itself is nonactionable as a matter of law, the question is raised as to whether the relation of one to the other in combination amounts to an insufficiency or want of repair. The trial court concluded that they did not, and the ruling must be sustained. The hole as an imperfection is something less than an actionable defect as a matter of law. Trap doors, although slippery when wet, are not outlawed. The height of the hinges (three fourths of an inch) above the surface does not violate any rule. *McCormick v. Racine, supra.*

See also *Cooper v. Waterloo,* 98 Wis. 424, 74 N. W. 115; *Kleiner v. Madison,* 104 Wis. 339, 80 N. W. 453. In *Ross v. Shawano,* 179 Wis. 595, 191 N. W. 970, a concrete slab had tilted, leaving a slanting surface and an exposed edge two and one-fourth inches high. The plaintiff there slipped on the incline and struck his knee on the protruding edge. The complaint setting forth these facts was demurred to and the demurrer was sustained.

One traveling over a walk recognized in the law to be adequate cannot recover merely because he suffers by reason of some mischance. The condition of the sidewalk which disturbed appellant's balance when she stepped into the depression was evidently caused by a chipping off of a thin portion of the concrete slab. While this resulted in a broken surface, it did not bring about a condition such as existed in *Hansen v. Green Bay,* 218 Wis. 644, 261 N. W. 746. There the depression was surrounded by an outer edge and undermined so that a traveler's foot could be caught underneath the concrete edges. The distinction between the *Hansen Case* and this is to be found in the facts.

We are of the opinion that the trial court's conclusion that this was a proper case for a nonsuit must be sustained.

*By the Court.*—Judgment affirmed.