BEAUDIN, Respondent, vs. CITY OF OCONTO, Appellant.

*February 16—March 11, 1924.*

*Municipal corporations: Accumulation of ice on sidewalk: Injury to pedestrian: Right of action: Sufficiency of evidence.*

1. A judgment in plaintiff's favor in an action against a municipality for personal injuries sustained by her, due to an unnatural accumulation of ice caused by the projection of a building over the sidewalk, in which the owner of the prop-

erty was not made a party defendant under sec. 1340a, Stats. 1921, could be sustained only by virtue of sec. 1339, creating a statutory primary right of action against a municipality for damages caused by accumulations of ice or snow which have existed for three weeks.  p. 344.

2. The evidence in this case is *held* insufficient to show that the accumulation had existed continually for a period of three weeks prior to plaintiff's injury, as required by sec. 1339, Stats.  p. 344.

APPEAL from a judgment of the circuit court for Oconto county: W. B. QUINLAN, Circuit Judge.  *Reversed*.

Plaintiff alleged in her amended complaint that on the east side of Brazeau avenue in the defendant city there was a store building the second floor of which was used by one LeMay as a residence.  That extending about five feet out from the second story of said building and over the sidewalk to about the center thereof is a large bay window unlawfully constructed and maintained and constituting an extra burden on said avenue.  That such unlawful construction and maintenance of the bay window permitted water and snow to run off the roof of the building onto the sidewalk, and by thus continuously causing the water and snow to fall and lodge upon said sidewalk and its freezing in cold weather a ridge of ice is formed on said sidewalk, all due to the unlawful construction and maintenance of the bay window.  That from about November 15, 1922, such melting, dripping, and freezing made a large ridge of ice about ten feet long, eleven inches wide, and three feet four inches high, making the sidewalk dangerous for pedestrians. That such unlawful construction and maintenance of the bay window had been known to the officers of the defendant city for a long time.  That such ridge of ice was continuously and uninterruptedly on the sidewalk for more than three weeks prior to December 11, 1922, and so known to be to defendant's officers.  That on said December 11th she stepped on said ridge of ice, falling to the sidewalk and receiving severe injuries.

Beaudin v. Oconto, 183 Wis. 341.

Proper allegations were made of the giving of notice, filing of a claim, and its disallowance.

Defendant city answered by alleging that the ownership of the building referred to was in one LeMay and that the defendant is not primarily liable, and if there be any liability that the primary liability is on said LeMay.

The weather reports in evidence showed the following (fl=flurries; rain or snow in inches):

| Date. | Max. | Min. | Rain. | Snow. | | Date. | Max. | Min. | Rain. | Snow. |
|---|---|---|---|---|---|---|---|---|---|---|
| Nov. | | | | | | Dec. | | | | |
| 18 | 60 | 41 | .56 | | | 1 | 56 | 27 | .69 | |
| 19 | 44 | 39 | .41 | | | 2 | 56 | 18 | | |
| 20 | 41 | 25 | .02 | fl. | | 3 | 42 | 21 | | |
| 21 | 34 | 21 | | | | 4 | 43 | 25 | | |
| 22 | 30 | 20 | | fl. | | 5 | 38 | 8 | .13 | |
| 23 | 41 | 27 | | | | 6 | 18 | 7 | | |
| 24 | 42 | 26 | | | | 7 | 30 | 12 | | 1.25 |
| 25 | 31 | 19 | | | | 8 | 33 | 24 | | .75 |
| 26 | 32 | 24 | | fl. | | 9 | 25 | —1 | | |
| 27 | 33 | 26 | | | | 10 | 25 | —1 | | |
| 28 | 33 | 20 | | | | 11 | 35 | 22 | | |
| 29 | 36 | 26 | | | | | | | | |
| 30 | 42 | 33 | | | | | | | | |

By a special verdict, so far as here material, the jury found that the sidewalk at the time and place mentioned was not in a reasonably safe condition for public travel; that such condition existed for three weeks continuously immediately before the injury; and assessed plaintiff's compensation at $800. After motions by the respective parties, judgment was ordered for the amount found in the verdict, and defendant has appealed.

*Carl O. Neuman* and *J. B. Chase,* both of Oconto, for the appellant.

For the respondent there was a brief by *Classon, Whitcomb & Kuzenski* of Oconto, and oral argument by *Allan V. Classon.*

Eschweiler, J.   The owner of the building from which projected the bay window over the sidewalk, alleged in plaintiff's complaint to be the cause of the unnatural accumulation of ice upon the sidewalk forming the ridge upon which she slipped and fell, was not made a party defendant under sec. 1340a, Stats.   The judgment in plaintiff's favor must be sustained, if at all, by virtue of the provisions of sec. 1339, creating a statutory primary right of action against a municipality for damages caused by defects in public highways.   This statute has, however, the following express limitation upon any such right to recover, namely:

"No action shall be maintained to recover damages for injuries sustained by reason of an accumulation of snow or ice upon any bridge or highway; unless such accumulation shall have existed for three weeks."

The jury found, and the trial court sustained the finding, that the sidewalk had not been in a reasonably safe condition for public use for the three weeks before the injury.

The evidence upon which such finding alone can be supported was that given by a witness living in the neighborhood who testified he had noticed for many preceding winters an icy condition under such bay window.   On direct examination he testified that possibly two or three weeks before the injury he saw that ridge of ice on the sidewalk; that it would depend largely on what was the weather.   On cross-examination with reference to such period before the injury he stated that it was somewheres in the neighborhood of three weeks—"one, two, or three weeks."

It is contended that this testimony supported by the weather report, a summary of which is set forth in the statement of facts, is sufficient to support the finding of the continuous existence of this ridge of ice for the requisite three weeks.

We are unable to find for ourselves, nor is it indicated in the argument, in what manner the weather report supplies the manifest lack of the requisite proof by the oral testimony

as to the existence of such accumulation of ice for the three weeks prior to the injury, assuming that such condition, if it existed, could be charged to the defendant city as creating a primary liability. We are constrained to hold that judgment should have been granted in favor of the defendant.

*By the Court.*—Judgment reversed, with directions to dismiss the complaint.