MUNDELL, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*October 14, 1926—January 11, 1927.*

*Municipal corporations: Injuries to pedestrians on sidewalks: Dangerous condition due to ice: Liability of municipality: Period condition must have existed: Defective walk covered with snow: Evidence: Sufficiency.*

1. An action for damages caused by a fall on a sidewalk, due to its slippery condition, cannot be maintained where such condition has not existed for the three-weeks period fixed by sec. 81.15, Stats. `p. 511.

2. In this case the evidence, although it discloses that there was a narrow depression in the concrete sidewalk in which dirt had accumulated and which plaintiff claimed was the cause of her falling, is *held* to establish that plaintiff fell because of the slippery condition of the walk rather than because of such defect.  p. 511.

APPEAL from a judgment of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Reversed.*

Plaintiff was injured by a fall on a sidewalk in the defendant city at 3 p. m. on February 15, 1924. Two tenths of an inch of snow fell on that day and there had been considerable on the ground for about two weeks before and a then average depth of snow of about eight inches over the city according to the United States weather reports.

On February 25th notice of injury was given on behalf of plaintiff stating: "That the said sidewalk was dangerous and insufficient in that there was permitted to accumulate and remain for a long period of time, snow and ice which was uneven and rough, hard and compact, slippery and highly dangerous, rendering the same unsafe to persons and pedestrians who were obliged to walk thereon," and further reciting that on the day in question, and "due to its being dangerous, defective, and insufficient," plaintiff was caused

to be thrown and fall, causing the injuries for which action was brought.

The unverified complaint served April 21, 1924, alleged that due to the insufficient, dangerous, and defective condition of said sidewalk, which was covered with snow and ice and which was otherwise insufficient, defective, and dangerous in that there were large holes in the cement, in that the cement blocks have spread and separated, the plaintiff was caused to fall and be severely injured, etc., and further alleging that this particular piece of sidewalk was dangerous, defective, and insufficient in that the cement blocks have spread and separated and in the center of the sidewalk the blocks are elevated where they meet, and there were two large holes where the cement was broken. Also, that at said place snow and ice had accumulated and remained in excess of three weeks and that such snow and ice was uneven, rough, and rendered the sidewalk, particularly where the holes and separation existed, dangerous; and that because of the condition of the sidewalk in that it was elevated and the blocks of cement separated and the holes in the sidewalk where the cement had been broken, and because of the ice and snow which lodged upon and about said holes, because of the unevenness and rough condition of said snow and ice, the sidewalk was rendered unsafe, dangerous, and insufficient, and on account thereof the plaintiff fell and was injured.

On the trial the plaintiff identified a certain depression, shown on photographs, as having existed in the sidewalk at the place where she fell.

Plaintiff, living near by, had used this sidewalk for some time prior to the injury; and said that on the day in question it was snowing a little, with a slight fall of snow on top of another snow, the sidewalk was smooth and slippery, with

a light covering even all over the sidewalk; she wore shoes with heels one and a half by two inches in length and width and one and a quarter inches high, covered with rubber over-shoes; she felt she was falling in something, she didn't stumble, just walked along and seemed to fall, it seemed to be slippery; "I stepped into something, there was an awful jerk, I can't tell how far my foot sunk down."

Measurements were afterward made of this particular spot in the sidewalk and the space between the lines of cement blocks was about one and three-fourths inches wide; by removing the accumulation of dirt the crack reached down a distance of five inches to the concrete underneath; there was a portion of the surface from the crack outward chipped or broken off for a space of fourteen inches in one direction and ten and one-half in another and not two inches deep. As described by plaintiff's son-in-law, it was twelve to thirteen inches in one direction by six to seven inches in the other and six and one-half inches deep, and this depth was about four inches wide, these estimates, however, being given from an observation at which no measurements were taken and shortly after the injury. He also testified that the dirt and snow in this crack was soft and yielding at the time.

By special verdict the jury found that there was no contributory negligence by plaintiff; that the depression in the sidewalk was of such a character as to be unsafe and dangerous; that such was the proximate cause of the injury, and that such condition had existed so long that defendant should have known and remedied it.

After motions by the respective parties the court granted judgment in favor of the plaintiff, and defendant appeals.

For the appellant there was a brief by *John M. Niven,* city attorney, and *Joseph L. Bednarek,* assistant city attorney, and oral argument by *Mr. Bednarek.*

For the respondent there was a brief by *Padway, Skolnik*

*& Morgan,* attorneys, and *A. L. Skolnik,* of counsel, all of Milwaukee, and oral argument by *I. B. Padway.*

The following opinion was filed November 9, 1926:

ESCHWEILER, J.   A consideration of the record in this case compels the conclusion that the plaintiff fell because of the slippery condition of the sidewalk rather than because of any depression in the sidewalk.

That the sidewalk was slippery over its entire surface is undisputed; it appears from plaintiff's own frank admission and is also shown from the testimony of the doctor who assisted in carrying the plaintiff to her own house around the corner, and in so carrying her on a chair it was deemed necessary to walk along the side of the sidewalk rather than on its surface because of the slippery condition.   The notice of injury, served promptly after the accident, specifically asserted as a ground of liability a dangerous condition due to the accumulation of snow and ice for a long period of time. A cause of action, however, could not be maintained under such claim because such condition had not existed for the three weeks fixed by the statute as the necessary period of its existence before liability can be asserted against a city. Sec. 81.15, Stats.; *Beaudin v. Oconto,* 183 Wis. 341, 344, 197 N. W. 792.

While a depth of five inches or more down to the concrete bed of the sidewalk could be reached by clearing out the accumulation of dirt in the crack between the cement blocks, yet it is undisputed that it was not so cleared out at the time plaintiff fell, and even if it were wider than one and three-quarters inches owing to any possible unheaval by frost, yet it is undisputed that it was then covered by snow and ice.

The city being only liable for what the law recognizes as an actionable defect in construction or maintenance of its sidewalk, we think that there was here shown no such a

condition or want of repair of the sidewalk as to present a jury question, and the trial court should have held as a matter of law that the defendant city had not violated its statutory duty. *Ross v. Shawano,* 179 Wis. 595, 596, 191 N. W. 970; *Hollan v. Milwaukee,* 174 Wis. 392, 395, 182 N. W. 978; *Padden v. Milwaukee,* 173 Wis. 284, 286, 181 N. W. 209; *Van der Blomen v. Milwaukee,* 166 Wis. 168, 169, 164 N. W. 844.

*By the Court.*—Judgment reversed, with directions to dismiss the complaint.

A motion for a rehearing was denied, with $25 costs, on January 11, 1927.