THIELE, Respondent, vs. CITY OF GREEN BAY, imp., Appellant.

*October 12, 1931—February 9, 1932.*

*Thos. C. Dwyer* of Green Bay, for the appellant city of Green Bay.

For the defendant Snavely Yellow Cab Company there were briefs by *North, Parker, Bie, Duquaine, Welsh & Trowbridge* of Green Bay, and oral argument by *Walter T. Bie*.

*A. McComb* of Green Bay, for the respondent.

The following opinion was filed November 10, 1931:

WICKHEM, J. Plaintiff does not appeal from the judgment dismissing the action against the Yellow Cab Company, nor is there any motion to review. The defendant city filed no cross-complaint against the defendant Yellow Cab Company. In this state of the record the sole question upon this appeal relates to the liability of the city for injuries to the plaintiff. The answer to this question depends entirely upon whether the plaintiff was injured as a result of the defective construction of the sidewalk.

It is our conclusion that whether the concrete pillow might be held to be a defect as to a pedestrian engaged in ordinary travel upon the sidewalk, or whether the city might be liable to such a pedestrian if the latter should stumble over it, is immaterial here. The plaintiff was not injured under such circumstances or as the result of such a defect. At the time of the injury the pillow was being used as a means of egress from the building, and its structural sufficiency must be judged with reference to the use made of it at the time of the injury. Under the circumstances of this case, however, it is not even necessary to decide whether it was structurally adequate as a means of ingress and egress to and from the building, because this accident did not result from inadequacy of structure or design. The plaintiff did not stumble or lose his balance by reason of unexpectedly coming upon the sloping portion of the approach. He knew of the presence of the decline, and under ordinary weather conditions there is no basis for a claim that he would have been injured. We think it is beyond dispute in this case that plaintiff was injured by reason of the slippery condition of the approach.

The rule that the city will not be liable for injuries caused by mere slipperiness, under the circumstances of this case, is too well established for extended comment. Sec. 81.15, Stats.; *Mundell v. Milwaukee,* 191 Wis. 508, 210 N. W. 677; *Griswold v. Camp,* 149 Wis. 399, 135 N. W. 754; *De Pere v. Hibbard,* 104 Wis. 666, 80 N. W. 933; *Beaton v. Milwaukee,* 97 Wis. 416, 73 N. W. 53; *Cooper v. Waterloo,* 98 Wis. 424, 74 N. W. 115. Respondent relies upon *Stilling v. Thorp,* 54 Wis. 528, 11 N. W. 906; *Hill v. Fond du Lac,* 56 Wis. 242, 14 N. W. 25. In the latter case the court said:

"The question was not whether the mere sudden declivity in the sidewalk, in the absence of any storm or freezing,

would have been dangerous, nor whether the mere storm and freezing weather, in the absence of the walk in question, and with a walk differently constructed, would have caused danger, but whether that walk, so constructed, with such ice and snow as would ordinarily accumulate upon it during such severe storms and freezing weather as ordinarily occurred at that season of the year, at the place of the injury, would be unsafe for travelers upon it. If in that condition and under such circumstances it was unsafe, then it was defective."

It is considered that these cases are inconsistent with the policy of sec. 81.15, Stats., and with the later cases heretofore cited, and that they must be taken to have been overruled. In *De Pere v. Hibbard,* cited *supra,* the court said:

"If there was no actionable defect on account of the incline, the slippery condition resulting from ordinary accumulations of ice in winter, when such accumulations are smooth, does not constitute a defect."

It follows that the defendant city of Green Bay is not liable to the plaintiff upon the undisputed facts in this case, and that the judgment appealed from must be reversed as to the appealing defendant.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the action against the defendant city of Green Bay.

A motion for a rehearing was denied, with $25 costs, on February 9, 1932.