Geneva DAMASCHKE, Plaintiff-Respondent,

v.

CITY OF RACINE, a municipal corporation,
Defendant-Appellant,

OPEN PANTRY FOOD MARTS OF WISCONSIN, a
domestic corporation, and Great Central Insurance
Group, a foreign insurance carrier, Defendants.

Court of Appeals

*No. 88–1099. Submitted on briefs March 29, 1989.—Decided
April 26, 1989.*

(Also reported in 441 N.W.2d 332.)

On behalf of the defendant-appellant the cause was submitted on the brief of *Joseph Boyle,* city attorney, and *Guadalupe G. Villarreal,* assistant city attorney, of Racine.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of the *Nathan Law Office, S.C.,* of Racine.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. A jury determined that the city of Racine's snow plowing activity following a snow storm created a nuisance resulting in injury to Geneva Damaschke when she slipped and fell on a driveway apron. The resultant judgment awarded Damaschke damages in the amount of $34,496.22. The city appeals, arguing that Damaschke's action for damages is barred by sec. 81.15, Stats., which precludes any action for injuries against a municipality based upon an accumulation of snow or ice unless the accumulation has existed for three weeks. We conclude that the statute precludes Damaschke's action. Therefore, we reverse the judgment.

Damaschke was injured on March 5, 1985, when she fell on the apron of an Open Pantry store driveway located on Drexel Avenue in the city of Racine. Open Pantry is situated on the northeast corner of Drexel and Durand Avenues. Its Drexel Avenue driveway lies

directly to the south of the corner cross-walk and a bus stop. Five inches of heavy wet snow fell on the city in a seventeen-hour period between 6:00 p.m. on March 3, 1985 and 11:00 a.m. on March 4, 1985. Near the end of the snowfall, Open Pantry cleared its parking lot, sidewalks and driveways of all snow down to the bare concrete. Later that same morning, the city plowed Drexel Avenue, causing a "windrow"[1] of snow to be left on the street curbs and across Open Pantry's Drexel Avenue driveway apron.

In the late afternoon of March 5, one and one-half days after the snowfall had ceased, Damaschke attempted to cross Drexel Avenue. She decided that there was too much ice and snow on both the corner curb and bus stop, so she proceeded to the Open Pantry driveway. As she walked toward the street on the driveway apron, Damaschke slipped on some snow, fell to the ground and broke her leg. She filed suit against Open Pantry claiming negligence, and later amended her complaint to include the city as a defendant.

As an affirmative defense, the city answered that it was immune to Damaschke's action pursuant to sec. 81.15, Stats., because the snow or ice had not existed for more than three weeks. Section 81.15 provides in part:

> If damages happen to any person or his or her property by reason of the insufficiency or want of repairs of any highway which any town, city or village is bound to keep in repair, the person sustaining the damages has a right to recover the damages from the town, city or village . . .. No action may be maintained to recover damages for injuries sustained by

---

[1] A snow windrow is a long low ridge of snow that has been scraped off the road and deposited along the curb during snowplowing operations. *See Webster's Third New International Dictionary* 2620 (1976).

reason of an accumulation of snow or ice upon any bridge or highway, unless the accumulation existed for 3 weeks.

Before the case was submitted to the jury, the city renewed this argument and moved for dismissal of the action. Open Pantry joined in the motion.

The trial court determined, as a matter of law, that neither Open Pantry nor the city was negligent. As to the city, the trial court found no negligence because the accumulation of snow and ice had not existed for three weeks as required by sec. 81.15, Stats. However, the court did not extend this ruling to Damaschke's nuisance claims.

The jury determined that the snow accumulation was a nuisance and that only the city (not Open Pantry) had created it. Damaschke was also found to be contributorily negligent for her injuries. The jury then apportioned the negligence for the accident: the city 20%, Damaschke 15%, and, inexplicably, Open Pantry 65%. On motions after verdict, and in keeping with the jury's exoneration of Open Pantry on the nuisance question, the court vacated the comparative negligence assessment against Open Pantry and charged it to the city, resulting in an 85% negligence assessment against the city. The propriety of this action is not before us on appeal.

The city then moved for judgment notwithstanding the verdict, renewing its argument pursuant to sec. 81.15, Stats., that "[i]t is inconsistent that the City of Racine could not be negligent [as a matter of law] in the maintenance of the sidewalk and have the same facts create a liability for nuisance." The trial court denied the motion, ruling that the windrows of snow were artificially created by the city, thus depriving the city of the three-week grace period set forth in the statute. Thus, the court reasoned that the evidence supported the jury's

nuisance finding. Judgment was entered in Damaschke's favor. The city appeals.

The city raises two arguments on appeal: (1) the windrows created by the plowing did not create a nuisance as a matter of law because the windrows were not artificial accumulations so as to deprive the city of the three-week grace period set forth in sec. 81.15, Stats.; and (2) Damaschke failed to provide the city with timely notice of her claim pursuant to sec. 893.80(1), Stats., meriting dismissal of the action. We will only address the first issue as it is dispositive of this appeal.

Although certain other facts are in dispute in this case, those controlling on the issue before us are not. Whether the city is entitled to limited immunity pursuant to sec. 81.15, Stats., under the facts of this case requires an application of those undisputed facts to the statute. This exercise presents a question of law. *Local Union No. 2490 v. Waukesha County,* 143 Wis. 2d 438, 444, 422 N.W.2d 117, 119 (Ct. App. 1988). We review such questions without deference to the ruling of the trial court. *Id.* at 444, 422 N.W.2d at 119–20.

Section 81.15, Stats., gives individuals the right to commence damage suits against municipalities for injuries sustained as a result of the "insufficiency or want of repairs of any highway which any town, city or village is bound to keep in repair." Sec. 81.15. The term "highway" in this statute includes sidewalks. *Webster v. Klug & Smith,* 81 Wis. 2d 334, 339, 260 N.W.2d 686, 689 (1978). The statute further accords a municipality a limited three-week period of immunity: "No action may be maintained to recover damages for injuries sustained by reason of an accumulation of snow or ice upon any bridge or highway, unless the accumulation existed for 3

weeks." Sec. 81.15. We now apply this statute to the facts of this case.

First, we note the undisputed fact that the accumulation of snow which caused Damaschke's injuries was well within the three-week period of immunity. This aspect of the statute is clearly satisfied.

Next we consider whether a nuisance action is governed by this statute. Although no reported case has ever addressed this question in a nuisance situation, the answer is self-evident. The statute is clear and unambiguous in this regard. It says, "*[n]o action* may be maintained." Sec. 81.15, Stats. (Emphasis added.) This language clearly embraces any litigation.[2] This aspect of the statute is also satisfied.

Finally, we address the issue most commonly litigated under this statute, whether the accumulation of snow or ice is of the type contemplated by the statute. Case law has established that the accumulation of snow or ice must be natural and not one artificially created by the municipality in order for the three-week immunity of sec. 81.15, Stats., to apply. *Kobelinski v. Milwaukee & Suburban Transp. Corp.,* 56 Wis. 2d 504, 514, 202 N.W.2d 415, 421 (1972). For instance, the supreme court has held that when a city fire department causes water to be discharged onto a sidewalk, the freezing of such water constitutes an artificial accumulation of ice, thus rendering the three-week immunity of sec. 81.15 inapplicable. *Laffey v. City of Milwaukee,* 4 Wis. 2d 111, 113–15, 89 N.W.2d 801, 802–803 (1958). Conversely, when a city attempts to clear its sidewalks of naturally-occurring snow and ice by moving mounds of snow to the edge of

---

[2]Negligence actions have been precluded under this statute. *See, e.g., Mundell v. City of Milwaukee,* 191 Wis. 508, 210 N.W. 677 (1927).

the sidewalk near the curb, it has not created an artificial accumulation and the immunity protection of sec. 81.15 is applicable. *Kobelinski,* 56 Wis. 2d at 515–16, 202 N.W.2d at 422.

Accumulation of ice and snow is a natural incident of the climate in Wisconsin during the winter months. *Stippich v. City of Milwaukee,* 34 Wis. 2d 260, 268–69, 149 N.W.2d 618, 622 (1967). Municipalities should be encouraged to clear their highways and sidewalks of snow and ice. *Kobelinski,* 56 Wis. 2d at 515, 202 N.W.2d at 422. A natural consequence of plowing streets is that the snow must be placed somewhere. *Sanem v. Home Ins. Co.,* 119 Wis. 2d 530, 541, 350 N.W.2d 89, 94 (1984). To hold the limitations of sec. 81.15, Stats., inapplicable to snow that has been pushed to a new location in the course of snow-removal operations would have the undesirable effect of encouraging municipalities to leave snow and ice where it falls on the highways and sidewalks so as to enjoy the three-week period of immunity. *Kobelinski,* 56 Wis. 2d at 516, 202 N.W.2d at 422. If the shoveling of snow does not render the accumulation artificial, *see id.* at 514, 202 N.W.2d at 421, then neither does the plowing of it. The trial court erred by ruling otherwise. The city has also satisfied this final aspect of the statute.

Therefore, we conclude that the limited immunity protections of sec. 81.15, Stats., are available to the city.

*By the Court.*—Judgment reversed.