COURT OF APPEALS
DECISION
DATED AND FILED

December 30, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP2017**

Cir. Ct. No. **2020CV411**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

JOHN REGET,

    PLAINTIFF-RESPONDENT,

DEPARTMENT OF HEALTH & HUMAN SERVICES,
QUARTZ HEALTH PLAN CORPORATION, AND
ABC INSURANCE COMPANIES,

    INVOLUNTARY-PLAINTIFFS,

  V.

CITY OF LA CROSSE AND WISCONSIN MUNICIPAL
MUTUAL INSURANCE COMPANY,

    DEFENDANTS-APPELLANTS.

---

APPEAL from an order of the circuit court for La Crosse County: GLORIA L. DOYLE, Judge. *Reversed and cause remanded with directions*.

Before Blanchard, P.J., Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. The City of La Crosse and its insurer appeal an order denying their motion for summary judgment dismissing this personal injury case filed by John Reget. We conclude that the City is entitled to immunity under WIS. STAT. § 893.83 (2019-20)[1] because the sidewalk snow on which Reget claimed to have fallen was natural, even though it was pushed there from the street by the City's snowplow. Therefore, we reverse and remand with directions to dismiss Reget's complaint.

¶2 Reget's complaint alleged that he slipped and fell on snow and ice located on the sidewalk along Rose Street in La Crosse, and further alleged that the City was negligent in maintaining this property and caused an unnatural snow and ice accumulation through plowing over the sidewalk, which had previously been cleared by Reget. The City's amended answer pleaded as an affirmative defense that Reget's claim is barred by WIS. STAT. § 893.83. The City then moved for summary judgment on this ground, among others. The circuit court denied the motion. We granted the City's petition for leave to appeal this nonfinal order under WIS. STAT. § 808.03(2).[2]

¶3 The City argued for immunity under WIS. STAT. § 893.83, which provides in relevant part: "No action may be maintained against a city … to

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] This court granted leave to appeal the order on January 14, 2022. *See* WIS. STAT. RULE 809.50(3).

recover damages for injuries sustained by reason of an accumulation of snow or ice upon any bridge or highway, unless the accumulation existed for 3 weeks." Reget does not dispute that the accumulation at issue existed for less than three weeks. Instead, he argues that, under case law, this immunity applies only to natural accumulations, as opposed to artificial ones, and that the sidewalk accumulation here was artificial because it was caused by the City's snowplow. The City disagrees, in part by arguing that the case law distinction between natural and artificial accumulations was abrogated by an amendment to this statute in 2011. The City argues that the statute now provides immunity as to both types of accumulation.

¶4    We conclude that we need not address the effect of the statutory amendment on earlier case law because, even if Reget is correct in his argument that the natural/artificial distinction remains good law, the accumulation in this case was natural, and therefore the City is entitled to immunity even under Reget's view of current law.

¶5    Whether an accumulation of snow is natural or artificial is a question of law. *Gruber v. Village of North Fond du Lac*, 2003 WI App 217, ¶3, 267 Wis. 2d 368, 694 N.W.2d 692. Reget asserts that the circuit court in his case was correct in concluding that there is a question of fact about whether the accumulation was natural or artificial. However, Reget does not identify any specific historical fact that is in dispute. Therefore, the task of placing these facts into the category of natural or artificial is entirely a legal question, not a question of fact.

¶6    Our conclusion that the accumulation in this case was natural is based mainly on *Damaschke v. City of Racine*, 150 Wis. 2d 279, 441 N.W.2d 332

(Ct. App. 1989). In that case, a business cleared its driveway following a snowstorm, and the defendant city's snowplow later pushed snow back onto the driveway from the street, forming a "windrow" (a line of heaped snow) on the curb and across the apron of the driveway that abutted the street. *Id.* at 281. The plaintiff slipped and fell on snow while walking down the driveway apron toward the street. *Id.*

¶7 We concluded that the snow on the driveway apron was natural and that the city was therefore immune under the statute that was then numbered WIS. STAT. § 81.15 (1987-88). *Id.* at 284-85. We now quote the opinion at some length, in part because it provides a concise review of the earlier case law on which our decision was based:

> Finally, we address the issue most commonly litigated under this statute, whether the accumulation of snow or ice is of the type contemplated by the statute. Case law has established that the accumulation of snow or ice must be natural and not one artificially created by the municipality in order for the three-week immunity of sec. 81.15, Stats., to apply. *Kobelinski v. Milwaukee & Suburban Transp. Corp.*, 56 Wis. 2d 504, 514, 202 N.W.2d 415 (1972). For instance, the supreme court has held that when a city fire department causes water to be discharged onto a sidewalk, the freezing of such water constitutes an artificial accumulation of ice, thus rendering the three-week immunity of sec. 81.15 inapplicable. *Laffey v. City of Milwaukee*, 4 Wis. 2d 111, 113-15, 89 N.W.2d 801 (1958). Conversely, when a city attempts to clear its sidewalks of naturally-occurring snow and ice by moving mounds of snow to the edge of the sidewalk near the curb, it has not created an artificial accumulation and the immunity protection of sec. 81.15 is applicable. *Kobelinski*, 56 Wis. 2d at 515-16.
>
> Accumulation of ice and snow is a natural incident of the climate in Wisconsin during the winter months. *Stippich v. City of Milwaukee*, 34 Wis. 2d 260, 268-69, 149 N.W.2d 618 (1967). Municipalities should be encouraged to clear their highways and sidewalks of snow and ice. *Kobelinski*, 56 Wis. 2d at 515. A natural

4

> consequence of plowing streets is that the snow must be placed somewhere. *Sanem v. Home Ins. Co.*, 119 Wis. 2d 530, 541, 350 N.W.2d 89 (1984). To hold the limitations of sec. 81.15, Stats., inapplicable to snow that has been pushed to a new location in the course of snow-removal operations would have the undesirable effect of encouraging municipalities to leave snow and ice where it falls on the highways and sidewalks so as to enjoy the three-week period of immunity. *Kobelinski*, 56 Wis. 2d at 516. If the shoveling of snow does not render the accumulation artificial, *see id*. at 514, then neither does the plowing of it. The trial court erred by ruling otherwise.

*Damaschke*, 150 Wis. 2d at 284-85.

¶8 Reget attempts to distinguish *Damaschke* and *Kobelinski*. He argues that they stand for the proposition that accumulations of moved snow are natural only in situations where the policy of maintaining a clear sidewalk is satisfied. However, that is not a tenable reading of the opinions. It is true that the policy favoring clear sidewalks was a basis for the conclusion in *Kobelinski*, as the quoted passage above reflects. But what mattered was not clearance of only sidewalks, but also the clearance of highways, as here in Reget's case. And, in *Damaschke*, there is no indication that the status of the sidewalk played any role in the analysis at all.

¶9 We conclude that the facts in Reget's case are not meaningfully distinguishable. In both his case and *Damaschke*, a city plow pushed snow from a street to a location where a pedestrian slipped on the snow and fell. Reget's case is arguably different from these cases in that the snow, instead of being moved to a curb or apron area that is generally of lesser importance to travel, was moved to a sidewalk. However, there is no indication in the case law that this difference is a basis to reach a different conclusion as to whether the snow retained its character as natural after being moved. There is no basis to conclude that an accumulation

of snow pushed from a highway to a curb or apron remains natural, but an accumulation of snow pushed from a highway to a sidewalk has become artificial.

¶10     Instead, a more accurate synthesis of the cases may be that snow moved from either a highway or a sidewalk retains its natural character, even if it is moved into a location that may still present a hazard to pedestrians.  As the *Damaschke* court explained, "the snow must be placed somewhere." *Damaschke*, 150 Wis. 2d at 285.

¶11     In light of the above case law, we conclude that the City retained its three-week immunity for snow that it moved off a highway, even if the snow was placed on a sidewalk.  And, therefore, Reget's action must be dismissed.  We reverse the order denying the City's motion for summary judgment and remand with directions to dismiss the complaint.

        *By the Court.*—Order reversed and cause remanded with directions.

        This opinion will not be published.   *See* WIS. STAT. RULE 809.23(1)(b)5.