WESTLER and another, Respondents, v. CITY OF MILWAUKEE, Appellant.

*January 11—April 11, 1967.*

For the appellant there were briefs by *John J. Fleming,* city attorney, and *Herbert F. Sonnenberg,* assistant city attorney, and oral argument by *Mr. Sonnenberg.*

For the respondents there were briefs by *Warshafsky & Rotter,* attorneys, and *Merton N. Rotter* of counsel, all of Milwaukee, and oral argument by *Ted Warshafsky.*

A brief *amicus curiae* was filed by *Julian Bradbury* of Madison, legal counsel for the League of Wisconsin Municipalities.

HALLOWS, J. The only argument originally made by the city on this appeal was based on *McCormick v. Racine* (1938), 227 Wis. 33, 277 N. W. 646, to the effect that since the difference in the height of the slabs was less than $2\frac{3}{8}$ inches and the other deviations were extremely nominal no defect existed as a matter of law and its motion for a directed verdict should have been granted. The respondents argued the judgment should be affirmed because no artificial rule of inches existed to determine a sidewalk defect and the condition of the sidewalk constituted a want of repair because of an abrupt step up of $2\frac{1}{16}$ inches, a transverse pitch of $\frac{1}{4}$ inch of the south slab, the two slabs tilted longitudinally toward each other and a valley approximately $2\frac{7}{8}$ inches deep at the junction of the slabs.

Neither brief took into consideration our decision in *Holytz v. Milwaukee* (1962), 17 Wis. (2d) 26, 115 N. W. (2d) 618, wherein we abolished governmental immunity

for torts. Because of this, the court asked for additional briefs on the question of the effect of the *Holytz Case* on the issue presented. Briefs have been submitted and we are of the opinion the judgment on the verdict should be affirmed. As pointed out in *Stippich v. Milwaukee,* ante, p. 260, 149 N. W. (2d) 618, *Holytz* abolished governmental immunity which left municipalities liable at common law for breach of its duty to maintain sidewalks in such condition that they are reasonably safe for public travel by persons exercising ordinary care for their own safety but subject to the administrative and other limitations of sec. 81.15, Stats. We do not think that prior cases like *McCormick* and those reviewed extensively in *McChain v. Fond du Lac* (1959), 7 Wis. (2d) 286, 96 N. W. (2d) 607, which held certain conditions did not constitute defects, are necessarily controlling on the question of whether a condition of a sidewalk is reasonably safe for public travelers to use in the exercise of ordinary care.

Any artificial 2⅜-inch rule ascribed to *McCormick* is eroded by the statement in that case that inches alone do not determine a defect and by the decisions of *Pias v. Racine* (1953), 263 Wis. 504, 58 N. W. (2d) 67, and *Becker v. La Crosse* (1960), 9 Wis. (2d) 540, 101 N. W. (2d) 677. But such an alleged rule continues to be urged by municipalities as the test of liability. We are urged by the city of Milwaukee to keep a mathematical deviation rule as a standard of a safe sidewalk for the utilitarian benefit of cities in ordering repairs and in controlling suits against the city for falls on sidewalks. This we decline to do. The ultimate question is not what is a defect, or how many inches high was the obstruction or deep the depression, but solely whether under all circumstances affecting the sidewalk it was in a reasonably safe condition for public travel by persons exercising ordinary care for their own safety. Among the circumstances to be considered are the topography of the locality, the development of the locality, the standard of sidewalk construction

which the particular part of the city had attained, the amount and character of traffic on the sidewalk and the intended use thereof by pedestrians.

We think a sidewalk may be unsafe and unreasonably so although it might not have been held to be an insufficiency or lack of repair as those terms have been construed for the purposes of sec. 81.15, Stats. While an exact mathematical deviation rule for determining unsafeness in a sidewalk may be desirable from the standpoint of certainty, it leaves much to be desired from the standpoint of justice. The tendency in recent cases on the subject is away from such artificial rules. See Anno. Sidewalk Defect—Question for Jury, 37 A. L. R. (2d) 1187. We think no one factor should be controlling in determining negligence. Consequently, *McCormick v. Racine, supra,* does not control the question of the unsafeness of the sidewalk or the liability of the city for such a condition.

The verdict in the instant case made an inquiry in terms of the statutory language of insufficiency and want of repair, conditions the jury found in its verdict to exist and to be causal. We take these findings to be equivalent of findings the city was negligent in its maintenance of the sidewalk and in allowing an unsafe condition to exist. As there is sufficient credible evidence to sustain the verdict, we think it should stand.

*By the Court.*—Judgment affirmed.

HANSEN, J., took no part.